## 20497

Sandra MOORE, Respondent, v. FAMILY SERVICE OF CHARLES-TON COUNTY and Boston Old Colony Insurance Company, Appellants.

(237 S. E. (2d) 84)

*G. Dana Sinkler, of Sinkler Gibbs & Simons,* Charleston, *for Appellants,*

*Hugo M. Spitz, of Steinberg, Levkoff, Sptiz & Goldberg,* Charleston, *for Respondent,*

August 18, 1977.

Per Curiam:

The order under appeal sets forth the material facts and correctly disposes of the issues involved. With deletions of certain unnecessary matter, the order is reported as the judgment of this Court.

## ORDER OF JUDGE MOORE

The Claimant appeals from the Opinion and Order of the South Carolina Industrial Commission filed June 14, 1976, in which the Majority Commission vacated the Award of the single Commissioner, filed on February 9, 1976, and ordered that the claim of the Claimant [Respondent] be denied and dismissed.

Respondent filed timely notice and grounds of appeal before this Court and a hearing on said exceptions was held on the 13th day of October, 1976.

The record discloses that this case arose under the South Carolina Workmen's Compensation Act, Section 72-1, *et*

*seq.,* Code of 1962 [S. C. Code § 42-1-10, *et seq.* (1976)]. It involves a claim for compensation for injuries sustained by the Respondent in which she alleges that she was employed by Family Service of Charleston County, primarily as a marriage and family counselor, sustaining injuries on June 20, 1974, and such was an accident arising out of and in the course of her employment. The Appellants [the employer and its liability insurance carrier] denied that the accident and the resulting injuries to the Respondent arose out of and in the course of her employment.

A hearing was held before a single Commissioner on November 18, 1975. This Commissioner, on February 9, 1976, filed her decision, holding that the injuries sustained by the employee did arise out of and in the course of her employment when she fell down a stairway, said fall occurring when she attempted to balance four volumes of professional books which, at the direction of her employer, she had taken home for a specific business purpose in the furtherance of a special service to be rendered for her employer, thereby flowing directly from an employment obligation and arising out of and in the course thereof.

The appellants made timely applications for a review of this decision to the Full Commission. The Commission, by a three to two majority, vacated the Award made by the single Commissioner.

This Court must determine whether or not the Opinion of the Majority Commission is based on competent evidence in making its findings of fact and conclusions of law.

In reviewing the execptions of the Respondent, the prime issue is whether the accident and resulting injuries sustained by the Respondent arose out of and in the course of her employment.

The material facts here are not in dispute. The transcript consists of only twenty-five (25) pages of testimony. Two witnesses testified in the matter, both for the Claimant. The Appellants presented no witnesses nor any direct testimony.

After a careful review of the testimony, I find that the Opinion and Order of the Majority Commission is contrary to and unsupported by evidence. The evidence, in the opinion of this Court, gives rise to only one reasonable inference, that being that the Claimant's accident and resulting injuries arose out of and in the course of her employment. Therefore, the question becomes one of law for this Court to decide.

The undisputed testimony reveals that on June 19, 1974, the Claimant and her employer, H. B. Free, Executive Director of the Family Service of Charleston County, worked together that day until approximately nine in the evening. The Claimant had an appointment the next morning with a family involving incest. The Claimant testified that she had never worked on this type of case and her employer, Mr. Free, directed her to take four large hardback professional books and the file home to study the same and be prepared for the interview the next morning. The testimony reflects that the Claimant worked on the case and read the various books until one or two in the morning. The next morning while leaving her apartment to return to work, she was descending the steps from the second floor in her apartment house, carrying the books with her right arm against her body, and when she was approximately three or four steps from the bottom, the books started falling out of her arms and, in the process of trying to catch the books and balance herself, she fell down three or four steps, resulting in injuries to herself. It is undisputed and uncontradicted that the books were the cause of the Claimant's fall.

The Claimant testified that she was not in the habit of taking books and work home and that this was not customary.

The most important evidence was the testimony of Mr. Free, in which he stated that it was not a habit for counselors to take books and files home and that this was an unusual case and he requested the Claimant to take home certain books and the file for further study. This testimony was

either overlooked or disregarded by the Majority Commission.

For the Majority Commission to find that it was not unusual for the Claimant to take work home to prepare for her following day's duties is unsupported by the testimony and the evidence. In fact, the entire record gives rise to only one inference, that being that it was not usual for counselors to take work home.

The Majority Commission relies on the case of *Sylvan v. Sylvan Bros.,* 225 S. C. 429, 82 S. E. (2d) 794 (1954), stating that the case is closely analogous to the instant factual situation. The facts in the *Sylvan* case, *supra,* are totally distinguishable from the case at bar. The reason for denial of benefits in the *Sylvan* case, *supra,* is that the claimant was in the "habit of doing 'paperwork', including the preparation of advertisements, in his hotel room" and the Court said "the only reasonable conclusion from the evidence is that the work that he did in his hotel room, which was his home, was done there for his own convenience." The key words in this case are "habit" and "convenience". . . .

For the Majority Commission to find and conclude that the work taken home was for the employee's convenience is completely and totally unsupported in the record by competent testimony. Such a conclusion or assumption by the Majority Commission is based solely upon surmise, conjecture or speculation. Such is contrary to the law of this State, as established by our Supreme Court in *Brady v. Sacony of St. Matthews,* 232 S. C. 84, 101 S. E. (2d) 50 (1957); *Glover v. Columbia Hospital,* 236 S. C. 410, 114 S. E. (2d) 565 (1960).

The Majority Commission cites the case of *Bickley v. South Carolina Electric & Gas Company,* 259 S. C. 463, 192 S. E. (2d) 866 (1972), and cites verbatim [headnotes] 3-7 of that decision . . . . [I]t was incumbent upon the Majority Commission to have gone further in this opinion, in which our Supreme Court clearly states:

(8) "Courts of many states recognize further exception to the 'coming and going' rule, above discussed, and have allowed compensation where the injury is sustained by the employee while performing a special task, service, mission or errand for his employer, even before or after customary working hours, or on a day on which he does not ordinarily work. 99 C. J. S. Workmen's Compensation § 234d, p. 828.

"The foregoing is known as the special errand rule and is defined as follows:

'When an employee, having identifiable time and space limits on his employment, makes an off premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.' 1 Larson's Workmen's Compensation Law, Section 16.10.

Our research does not show that we have had occasion to deal with the 'special errand rule.' Such rule, however, is a recognized exception to the 'coming and going' rule and has been applied by many other courts. *Le Vasseur v. Allen Electric Co.*, 338 Mich. 121, 61 N. W. (2d) 93; *O'Reilly v. Roberto Homes, Inc.*, 31 N. J. Super. 387, 107 A. (2d) 9; *Smith v. Industrial Comm.*, 90 Ohio App. 481, 107 N. E. (2d) 220; *Dawson v. Oklahoma City Casket Company*, Okl., 322 P. (2d) 642; *Thurston Chem. Co. v. Casteel*, Okl., 285 P. (2d) 403; *State Compensation Ins. Fund v. Industrial Acc. Comm.*, 89 Cal. App. 197, 264 P. 514; *Kyle v. Greene High School*, 208 Iowa 1037, 226 N. W. 71; and *Massey v. Board of Education of Mecklenburg County*, 204 N. C. 193, 167 S. E. 695. In the last cited case, the Supreme Court of North Carolina quoting from the *Kyle* case, above cited, said:

'An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under direction of, his employer. In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.' "

The record clearly indicates that this was a special and unusual situation which required the employee to take four large hardback text books home for a particular task requested by her employer and was work required by her employer, which was incidental to the employment of the Claimant. For the Majority Commission to find to the contrary is totally unsupported by the testimony and the record.

The facts are undisputed that these four large books were the cause of the employee's fall, which accident and resulting injuries arose out of and in the course of her employment. This is totally substantiated by the testimony and the record and the law, as cited.

This Court is committed to a liberal construction of the Compensation Act to include injured employees within its protection rather than exclude them. *Layton v. Hammond-Brown-Jennings Co.,* 190 S. C. 425, 3 S. E. (2d) 492 (1939) ; *Wallace v. Campbell Limestone Co.,* 198 S. C. 196, 17 S. E. (2d) 309 (1941).

No Court can with certainty do more than decide whether a particular case, upon particular facts, is or is not within the exceptions of the "coming and going" rule, as stated in the case of *Bickley v. South Carolina Electric & Gas Company, supra.*

After a careful and complete review of the entire record in this case and the law applicable thereto, I find that the Opinion and Order of the Majority Commission is contrary to the evidence and the applicable law and, not being founded upon competent evidence, the same is in error.

For the reasons indicated, the Opinion and Order of the Majority Commission filed June 14, 1976, is reversed and vacated and the Opinion and Award of the hearing Commissioner filed February 9, 1976, is reinstated.

It Is So Ordered.