20747

Lucille McDANIEL, Respondent, v. BUS TERMINAL RESTAURANT MANAGEMENT CORPORATION, Appellant.

(247 S. E. (2d) 321)

*Wright, Scott, Blackwell & Powers,* Florence, *for appellant.*

*Charles E. Carpenter, Jr.,* and *F. Barron Grier, III, Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

August 22, 1978.

Gregory, Justice:

This appeal by Bus Terminal Restaurant Management Corporation is from the order of the circuit court affirming the South Carolina Industrial Commission's [Commission] award of compensation to respondent Lucille McDaniel. The issue is whether Ms. McDaniel's injuries arose out of and in the course of her employment based on the "special errand" doctrine. We hold the injuries are not compensable and reverse.

The facts as found by the Commission are not disputed. Ms. McDaniel was employed as a cook by Holiday Inn, Inc., the parent company for Bus Terminal Restaurant. On Wednesday, November 5, 1975 a mandatory meeting of all employees was scheduled to discuss work procedures and customer service. November 5 was a payday for the employees. The meeting lasted from 2:00 p. m. to 2:45 p. m. and each employee received one hour's compensation for his attendance at the meeting. Meetings of this type had been held in the past and were not unusual.

Ms. McDaniel was not scheduled to work on November 5, 1975 but was required to attend the employee meeting. The meeting was held at the normal place of employment, and Ms. McDaniel traveled to the meeting by taxicab, her normal mode of transportation. She was not compensated for her time traveling or for the cost of her transportation. At the close of the meeting Ms. McDaniel left the premises and walked to a nearby Sears store to cash her paycheck. She returned to her place of employment to pay a debt to a fellow employee, and while on the premises used the telephone to call a taxicab. After a short period of time she left the premises, entered a cab to return home, and was injured when the cab and a Trailways bus collided.

Ms. McDaniel's request for benefits under the Workmen's Compensation Act was denied by the Single Commissioner. The Full Commission reversed the Single Commissioner and awarded compensation. The circuit court affirmed the award of compensation by the Full Commission. This appeal by Bus Terminal Restaurant followed.

Both the Full Commission and the circuit court determined that Ms. McDaniel's injuries were compensable because at the time of her accident she was engaged in a "special errand" for her employer. The only question presented by this appeal is whether the "special errand" doctrine was correctly applied to the facts of this case.

As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in the discharge of any service growing out of or incidental to his employment, and an injury suffered by the employee while "going or coming" is not considered to arise out of and in the course of his employment. *Daniels v. Roumillat,* 264 S. C. 497, 216 S. E. (2d) 174 (1975).

Among the recognized exceptions to the going and coming rule is the "special errand" doctrine. The underlying basis of the "special errand" doctrine is that the general rule excluding injuries incurred during the trip to or from work should not apply if the journey to or from work was part of a special errand or mission for the employer or if the journey itself was a substantial part of the service for which the worker was employed. *Gregg v. Dorchester County School System,* S. C., 241 S. E. (2d) 554 (1978).

In *Bickley v. S. C. Electric & Gas Company,* 259 S. C. 463, 192 S. E. (2d) 866 (1972) we affirmed an award of benefits to the widow of an employee who was killed while returning home from work. The deceased was called at 3:30 a. m. on a Sunday morning and was ordered to travel from Columbia to Charleston to repair storm damaged electrical lines. The deceased and a work crew traveled to Charleston, repaired the damage, and returned to the work station in Columbia. After being dismissed the deceased left for home and was killed in an automobile accident.

We stated:

Where an employee is obligated to make emergency calls or to perform service at times other than during his regular working hours and goes on a special errand or mission for the employer, he is entitled to the protection of the compensation law from the time he leaves home until his return thereto. When an employee is on a special errand or mission for his employer and receives injury, or, death results from

an accident, such arises out of and in the course of his employment within the meaning of the Compensation Act. 192 S. E. (2d) at 870.

Ms. McDaniel was notified of the November 5 meeting in advance. She was not called out by her employer to perform an emergency service. She performed no service to her employer while enroute to or from her place of employment and the trip itself was not a substantial part of the service for which she was employed. Meetings of this type had been held in the past and were not unusual or "special." Attendance at these meetings was a normal, customary aspect of Ms. McDaniel's job and she did not perform a special errand by attending the meeting held on November 5, 1975.

In *Moore v. Family Services of Charleston County,* 269 S. C. 275, 237 S. E. (2d) 84 (1977) we affirmed an award of compensation to a claimant who was injured in a fall down a stairway at her apartment while carrying four large books she had taken home at the direction of her employer. Unlike the claimant in *Moore, supra,* however, Ms. McDaniel was not engaged in the performance of a special task for her employer at the time of the accident.

Nothing in the factual situation of this case removes it from the normal "going and coming" rule excluding injuries sustained while traveling to and from work. The lower court erred by awarding compensation based on the "special errand" exception to that rule.

Accordingly, the order of the lower court is reversed and the case remanded for entry of judgment in favor of the appellant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ.