Patricia Ann KELLEY, Appellee,

v.

3–M COMPANY, Appellant.

Supreme Court of Tennessee, at Knoxville.

Oct. 4, 1982.

**438**

Jeffrey L. Cleary, Luther, Anderson & Cleary, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Frank J. Scanlon, Sr. Asst. Atty. Gen., Nashville, B. Stewart Jenkins, Chattanooga, for appellee.

## OPINION

FONES, Chief Justice.

The two issues raised by defendant in this worker's compensation case are whether T.C.A. § 50–1023 as amended violates the equal protection clauses of both the Tennessee and United States Constitutions and whether the chancellor abused his discretion in commuting to a lump sum the weekly payments awarded to plaintiff as a result of her permanent partial disability. We uphold the constitutionality of the act as amended and affirm the chancellor's order of the lump sum award.

Plaintiff was a thirty-year-old divorcee with a tenth grade education at the time of her 1980 back injury which occurred while employed by defendant. From a similar injury in 1974, plaintiff had brought a worker's compensation action against the same defendant and received a judgment of fifty percent permanent partial disability of the body as a whole. Within approximately three years plaintiff had rehabilitated herself from this injury.

After a hearing of all the evidence in this case, the chancellor found that as a result of the 1980 injury, plaintiff had a permanent partial disability of seventy-five percent to the body as a whole, entitling plaintiff to weekly compensation.

In a subsequent hearing on motion to commute these payments into a lump sum, plaintiff testified that her award would primarily be used to purchase a mobile home which she would place on a lot to be given her by her brother. Plaintiff, along with her three children, one in need of medical treatment to his back, was living in a two bedroom home with her sick and elderly parents whose only source of income was social security. Moreover, plaintiff intended to use the award to help rehabilitate herself and develop new skills since she was incapable of resuming her position with defendant.

■ The chancellor found that plaintiff had demonstrated adequate need so as to grant her motion to commute these payments into a lump sum pursuant to T.C.A. § 50–1023, which reads:

"The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. These may be commuted upon motion of any party subject to the approval of the circuit, chancery or criminal court. No agreed stipulation or order or any agreement by the employer and employee or any other party to the proceeding shall be a prerequisite to the court's approval or disapproval of the award being paid in one or more lump sum payments."

In *Smith v. Gallatin Nursing Home,* 629 S.W.2d 683 (Tenn.1982), the constitutionality of T.C.A. § 50–1023, as amended, was attacked on the basis of due process and vested statutory rights, and this Court upheld the validity of the act. This defendant insists that the statute violates the equal protection clause of both the Tennessee and United States Constitutions.

Prior to the 1979 amendment to T.C.A. § 50–1023, lump sum distributions were permitted only upon agreement of the parties and approval of the trial judge. *Valles v. Daniel Construction Co.,* 589 S.W.2d 911, 913 (Tenn.1979). Defendant contends that since the amendment to T.C.A. § 50–1023 takes away the right of the employer or the employer's insurance company to agree or disagree to any lump sum award, the employee receives a potential windfall because, under T.C.A. § 50–1025, a lump sum payment is final regardless of any change in the employee's incapacity, whereas, periodic payments may be adjusted should plaintiff's incapacity significantly decrease after a six month period. *See* T.C.A. § 50–1025. Prior to the 1979 amendment, when an employer's insurance company agreed to a lump sum, it voluntarily assumed the risk that plaintiff's incapacity from the on-the-job injury might decrease. Defendant contends that after the 1979 amendment, its insurance company is given no such option. Therefore, when plaintiff requests and is granted a lump sum award and plaintiff's incapacity decreases after the first six months, then the insurance company is subject to losing any excess paid due to the lump sum award; whereas, if the periodic payment had been allowed to remain, T.C.A. § 50–1025 makes it possible to recoup any excess paid. Moreover, since T.C.A. § 50–1024 requires all insurance companies to post a $50,000 bond with a surety company to pay worker's compensation losses should the insurance company be unable or unwilling to pay the insured employee's claims, defendant asserts that the plaintiff is guaranteed payment of the lump sum judgment while defendant may suffer financial loss since the right to further disability hearings has terminated. Defendant insists that since plaintiff only is guaranteed the above protection, T.C.A. § 50–1023 is a denial of equal protection under the law.

■ Defendant's argument is without merit. The finality of a lump sum payment may be equally detrimental to an employee. Under T.C.A. § 50–1023, an employee whose incapacity increases after receiving a lump sum settlement is also precluded from going into court and seeking a modification, thus plaintiff has also lost access to further disability hearings. Moreover, any guarantees afforded lump sum beneficiaries because of the amendment do not result in an automatic equal protection violation. The test must be whether the statute rests on a reasonable basis, and a statute will not be held discriminatory if there is any possible reason or justification for its passage. *Genesco, Inc. v. Woods,* 578 S.W.2d 639, 641 (Tenn.1979).

In *Smith, supra* at 685, we approved statutory "lump sum awards for the purpose of purchasing or maintaining a residence by a dependent." *Smith* controls, and we reaffirm our statements in that case:

"The entire subject of worker's compensation is statutory. The 1979 amendment to T.C.A. § 50–1023 simply changed the previous law and authorized commutation in the discretion of the trial judge without prior approval of the employer or its

insurance carrier. In effect, in the discretion of the trial judge, a worker's compensation award may be ordered payable in one or more lump-sum payments rather than in weekly installments as provided in other portions of the statute. This is nothing more than a statutory amendment. It does not involve constitutional or vested statutory rights of the employer or of the insurance carrier. *Id.* at 685.

We also find that the chancellor did not abuse his discretion in commuting the weekly payments into a lump sum. The plaintiff has made a stronger showing of need than the plaintiff in *Smith* where we upheld a lump sum commutation. In *Smith,* the plaintiff was a sixty-three year old dependent who received social security, a pension, and his wife's death benefits; his lump sum payment was to be used to purchase a small house in which he would have little or no monthly house payments to meet and the record indicated his other income would be sufficient for his needs. In the instant case, plaintiff and her three children were certainly in need of housing separate from her financially crippled parents. Furthermore, with a child needing medical attention and her own recovery and rehabilitation ahead of her, there is more than material evidence in the record to support the chancellor's decision.

The judgment of the trial court is affirmed. Costs are adjudged against appellant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.