David A. McCAMMON, Appellee,

v.

Joe NEUBERT, d/b/a Neubert Paint & Body Shop, and the Travelers Insurance Company, Appellants.

Supreme Court of Tennessee.

May 31, 1983.

Herbert S. Moncier, Knoxville, for appellee.

Arthur G. Seymour, Jr., W. Kyle Carpenter, Frantz, McConnell & Seymour, Knoxville, for appellants.

OPINION

PER CURIAM.

The sole determinative issue in this worker's compensation appeal is whether the chancellor erred in finding that plaintiff's injury arose out of and in the course of his employment.

Plaintiff, McCammon, was employed on an hourly basis by defendant, Joe Neubert, d/b/a Neubert's Paint and Body Shop, as a

painter's helper and errand boy. On February 15, 1980, plaintiff brought his lunch to work from home, yet around mid-day, at the request of his fellow employees, plaintiff got into his car and drove approximately one mile to a drive-in market to obtain their lunch. After placing their lunch orders at the drive-in, plaintiff proceeded about another mile to a bank where he cashed his pay check in order to buy enough gasoline to make the return trip to the drive-in and then back to work. Upon leaving the bank, plaintiff was involved in an automobile accident in which he incurred severe injuries to his hip and left knee, resulting in his being totally and permanently disabled.

Plaintiff brought suit against his employer and its worker's compensation carrier, and the chancellor awarded him worker's compensation benefits based on a finding of one hundred percent permanent disability. Defendants appeal to this Court and contend that plaintiff's injuries neither arose out of nor were in the course of his employment, the legislative mandate for a finding of compensability pursuant to T.C.A. § 50–6–102(a)(4) and § 50–6–103 [formerly § 50–902(d) and § 50–903, respectively].

 Within the statutory requirement at issue, the phrases "arising out of" and "in the course of" are not synonymous concepts. *Lennon Co. v. Ridge,* 219 Tenn. 623, 635, 412 S.W.2d 638, 644 (1967). The general rule is that an injury received by an employee on his way to or from his place of employment does not *arise out of* his employment and is not compensable unless (1) the journey itself is a substantial part of the services for which the employee was employed and compensated or (2) the travel subjected the employee to such risks and hazards incidental or peculiar to the employment. *Hudson v. Thurston Motor Lines, Inc.,* 583 S.W.2d 597, 599 (Tenn.1979); *Smith v. Royal Globe Ins. Co.,* 551 S.W.2d 679, 681 (Tenn.1977). Moreover, injuries occurring while an employee is furthering or facilitating his employer's business are said to be incurred *in the course of* his or her employment, *Hudson, supra* at 599, and this is true regardless of whether in the course of benefitting the employer, the journey also serves the purposes of the employee. *Herron v. Fletcher,* 503 S.W.2d 84, 87 (Tenn.1973). Therefore, recovery of worker's compensation benefits for injuries suffered by an employee who is not on the premises of his employer but who is on his way to and from his work station has generally been "restricted to those instances in which the employee is proceeding by a means furnished by the employer, or in a manner or over a route required by the employer, and this subjects the employee to a definite risk or hazard." *Pacific Employers Ins. Co. v. Booker,* 553 S.W.2d 586, 587 (Tenn.1977).

Our review of the record reveals that no specific time or duration of the lunch hour was ever established by defendant Neubert but that it was to be taken whenever work permitted; that the time taken by the employees at the lunch hour did not affect their compensation; that the usual lunch time practice was for one of the employees to take orders from the others and go out and obtain their lunches while his comrades remained at their work station; and that the lunches obtained often included a lunch for defendant Neubert himself.

There was conflicting testimony, however, as to whether Neubert, on the day plaintiff was injured, actually directed plaintiff to obtain the others' lunches or even was aware that plaintiff had made a trip for that purpose. Plaintiff testified that on February 15, 1980, after his co-workers had yelled to him that they were hungry, Neubert told him specifically to go out and get their lunches; that Neubert told him that when he returned he might have to go out again to get Neubert's lunch; that he told Neubert that he did not have enough gasoline in his car to make the trip for lunch and that in order to do so, it would require the cashing of his pay check he had received that morning and the purchasing of more gasoline; and that Neubert indeed consented both to his going to the bank and to his purchasing of more gasoline while on his trip for the lunches, but that he was to "hurry back."

Defendant Neubert emphatically denied that he gave plaintiff any permission to go out for the lunches on the day plaintiff was injured and that plaintiff was "doing anything" for him at all on this trip. He also testified that neither would he ever pay his employees for travel to and from work nor would he ever reimburse plaintiff for gasoline purchased for plaintiff's own automobile.

■ The issue in this case, as with most cases dealing with an employee's injury arising out of and in the course of employment, is in the final analysis a factual rather than legal one. *Jones v. Ridgewood Health Care Center, Inc.,* 650 S.W.2d 375 (Tenn.1983). This Court will not reweigh the evidence on appeal; under T.C.A. § 50-6-225 (formerly T.C.A. § 50-1018), if there is any material evidence to support the chancellor's decision, we must affirm. *See, e.g., Kelley v. 3-M Co.,* 639 S.W.2d 437 (Tenn.1982); *CNA Ins. Co. v. Transou,* 614 S.W.2d 335 (Tenn.1981).

■ From a review of the entire record in the instant case, we hold that there is material evidence to support the chancellor's finding that plaintiff sustained a compensable injury both arising out of and in the course of his employment. We are persuaded by the fact that it was undisputed that the usual lunch time procedures, which were known and participated in by the employer, regularly involved one of the employees leaving the premises and obtaining lunch for the others who remained at their work stations; that on the date of the accident, plaintiff had indeed brought his lunch to work with him that morning and therefore had no reason to leave work at lunch time but to obtain lunch for his co-workers; and that plaintiff's journey, although arguably unknown to his employer on February 15, 1980, not only benefitted his employer by allowing the other employees to keep on working while plaintiff was obtaining their lunch, but also subjected plaintiff to a definite risk or hazard on the road.

The judgment of the Chancery Court of Knox County is affirmed. Costs are adjudged against defendant.