Eula P. MORRISON, Appellee,

v.

GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Formerly General Accident Group and/or General Accident Fire and Life Assurance Company, Appellant.

Supreme Court of Tennessee, at Knoxville.

March 12, 1984.

William A. Lockett, Luther, Anderson, Cleary & Ruth, Chattanooga, for appellant.

George L. Foster, Hall, Haynes, Lusk & Foster, Chattanooga, for appellee.

## OPINION

FONES, Chief Justice.

The issue in this worker's compensation case is whether there is material evidence to support the chancellor's finding that plaintiff's injury arose out of and in the course of her employment.

The facts adduced at trial were for the most part undisputed. Plaintiff is a seventy-two year old woman who worked for the Lookout Valley Utility District for approximately thirty-five years. She performed general office duties including bookkeeping, secretarial and clerical work. The district office was staffed by plaintiff, a co-employee and an office manager. Plaintiff's working hours were from 9:00 a.m. until 5:00 p.m. There was no paid lunch hour. Plaintiff and her co-workers would either bring a lunch, have some food delivered to them, skip lunch altogether, or "whichever one wasn't so busy" would go to a nearby grocery store and bring lunch back for the others. The practice of someone going out for lunch for everyone was specifically authorized and approved of by the office manager. It seems that this was done in order to ensure that someone would be in the office at all times to answer the phones and accept money from individuals who came in to pay their bill. In addition, there was testimony that when she was getting lunch in the grocery store, plaintiff would occasionally accept payments from customers desiring to pay their bill.

On the date of the accident, plaintiff had gone across to the nearby grocery store to get everyone's lunch. As she stepped out of the door of the grocery, her foot slipped causing a fall which resulted in a broken right hip.

The chancellor found that this injury was compensable as it had occurred in the course of her employment based on the factual circumstances of the case. The chancellor found this action to be controlled by our recent decision in *McCammon v. Neubert,* 651 S.W.2d 702 (Tenn.1983).

*McCammon* is a worker's compensation case involving a similar factual situation. Plaintiff was employed at an auto body shop as an hourly employee whose job was a painter's helper and errand boy. Plaintiff had no paid lunch hour. The usual lunch time practice was for one of the employees to take orders from the others and go out and obtain their lunches while they remained at their work stations. On the day of the accident, plaintiff had brought his own lunch to work but was requested to drive to a market to obtain the lunches of his fellow employees. After placing the lunch orders at the market, plaintiff drove to a bank to get some money in order to put gas in his car to make the return trip to the market and the auto shop. He was injured in an automobile accident shortly after leaving the bank. The owner of the auto shop emphatically denied ever giving plaintiff any permission to go out for the lunches on the day of the accident or that plaintiff was "doing anything" for him at all on this trip. The trial court awarded benefits and this Court affirmed.

From a review of the entire record in the instant case, we hold that there is material evidence to support the chancellor's finding that plaintiff sustained a compensable injury both arising out of and in the course of his employment. We are persuaded by the fact that it was undisputed that the usual lunch time procedures, which were known and participated in by the employer, regularly involved one of the employees leaving the premises and obtaining lunch for the others who remained at their work stations; that on the date of the accident, plaintiff had indeed brought his lunch to work with him that morning and therefore had no reason to leave work at lunch time but to obtain lunch for his co-workers; and that plaintiff's journey, although arguably unknown to his employer on February 15, 1980, not only benefitted his employer by allowing the other employ-

ees to keep on working while plaintiff was obtaining their lunch, but also subjected plaintiff to a definite risk or hazard on the road. *Id.* at 704.

We agree with the chancellor that *McCammon* controls the instant case. While it is true that the employee in *McCammon* had brought his own lunch and was only going out to pick up lunch for his fellow workers, we do not find this factor to be controlling so as to bar plaintiff from recovering in this case. The other facts in *McCammon*, especially as pertain to the usual lunch time procedures followed at both the autobody shop and the utility district office, support the chancellor's findings.

Plaintiff was in the process of bringing lunch back for herself and her co-workers when she slipped and fell. Her actions benefitted her employer by allowing the other employees to remain at the office, without the necessity of their having to obtain their own meals. In addition, there is proof in the record that while plaintiff was at the market picking up lunch, it was not uncommon for her to accept payments from customers desiring to pay their bill.

Accordingly, we affirm the chancellor's decision finding this to be a compensable injury arising out of and in the course and scope of plaintiff's employment. Costs are adjudged against defendant.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.