Kimberly Andrews ROGERS, Individually and as Next Friend of Elizabeth Nicole Rogers and Rebecca Annette Rogers, Plaintiffs–Appellants,

v.

WILLIAM MORRIS AGENCY, INC. and Travelers Insurance Company, Defendants–Appellees.

Supreme Court of Tennessee, Special Workers' Compensation Appeals Panel.

Jan. 26, 1995.

John D. Kitch, Kitch & Garman, Nashville, Tennessee, for Appellants.

Ernest D. Bennett, III, Nashville, Tennessee, for Appellees.

## JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon motion for review pursuant to T.C.A. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's opinion shall be published.

Costs will be paid by plaintiffs-appellants and surety, for which execution may issue if necessary.

IT IS SO ORDERED.

Members of Panel: FRANK F. DROWOTA, III, Associate Justice, JOHN K. BYERS, Senior Judge, JOE C. LOSER, JR., Retired Judge.

## MEMORANDUM OPINION

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with T.C.A. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. In this appeal, the claimants, Kimberly Andrews Rogers and her two daughters, question the chancellor's finding that the death of the employee, Dennis Rogers, did not occur in the course of his employment with the employer, William Morris Agency, whose work-

ers' compensation liability insurer is Travelers Insurance Company. The Panel finds that the judgment should be affirmed.

The employer in this case is a talent agency, engaged in the business of representing and booking entertainers. The decedent was employed as an assistant agent. Approximately 98 percent of his work was performed in the employer's office located in the Green Hills area just southwest of downtown Nashville. Other times he would attend clubs and other places in and around Nashville, where entertainers entertained, for the purpose of seeking out and recruiting new clients and making connections for the placement of clients. These visits frequently occurred late at night, early in the morning and on weekends and were part of Mr. Rogers's employment responsibilities. When performing duties away from the employer's office, the employee would use his own car. He carried with him various documents and materials he used in furtherance of the employer's business. He did not receive any car allowance or reimbursement for expenses when performing such duties in Nashville.

Mr. Rogers died in a one-car accident at approximately 1:00 a.m. on October 11, 1992 within a mile of his home. His vehicle apparently left the roadway and struck a telephone pole, subsequently burning completely with Mr. Rogers inside. The fire was determined to be the cause of death. He had been traveling on the most direct route from the functions he had attended that day to his home on River Road. He was returning home from a series of business activities which had begun early on Saturday, October 10th and had ended less than an hour before the fatal accident.

That day began when Mr. Rogers went directly from home to the Stouffer Hotel in Nashville for a Country Music Association convention and banquet. When the banquet was over he attended a showcase performance by the Gibson Miller Band at 328 Performance Hall in Nashville, then went to 12th and Porter in Nashville to observe another performance by another musical group. It is undisputed that all of these activities were in the course and scope of employment. It was country music week in Nashville. Shortly after midnight, Mr. Rogers left for home, his duties completed, and suffered the fatal accident.

At the conclusion of the plaintiffs' proof, the chancellor granted the defendants' motion for involuntary dismissal pursuant to Tenn.R.Civ.P. 41.02(2), upon a finding that the plaintiff had failed to establish, by a preponderance of the evidence, that the accident occurred in the course of the decedent's employment. Appellate review is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings of fact, unless the preponderance of the evidence is otherwise.

 An injury occurs in the course of one's employment if it occurs while the employee is performing a duty he was employed to do. *Fink v. Caudle*, 856 S.W.2d 952 (Tenn.1993). As a general rule, an injury or death which occurs while an employee is going to or coming from work is not compensable because it does not occur in the course of employment. *Smith v. Camel Manufacturing Co.*, 192 Tenn. 670, 241 S.W.2d 771 (1951). An exception to the general rule exists where the injury occurs on the employer's premises. *Lollar v. Wal–Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn.1989). Another exception exists if the employer furnishes transportation to the employee as an incident of the employment contract. *Pool v. Metric Constructors, Inc.*, 681 S.W.2d 543 (Tenn.

1984). Traveling employees may be covered while going to and coming from their assignments. *McCammon v. Neubert,* 651 S.W.2d 702 (Tenn.1983). The facts of this case do not bring it within any of the above exceptions, but the claimants contend that Mr. Rogers was covered by the "special errand" exception to which our Supreme Court alluded in *Stephens by Stephens v. Maxima Corp.,* 774 S.W.2d 931 (Tenn.1989).

■ In *Stephens* at p. 934, the Court, quoting 1 Larson, *Workmen's Compensation Law,* section 16.11 (1985), said:

When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.

In the *Stephens* case, the employee had left the place where she performed work during her lunch break to return home and retrieve a form that needed to be delivered to her employer. As there was no urgency or significance placed on the completion and return of the form that day, the court concluded that the injury did not occur in the course of employment and therefore was not compensable under the special errand rule.

■ South Carolina has stated the "special errand or mission" doctrine as follows:

Where an employee is obligated to make emergency calls to perform a service at times other than during his regular working hours and goes on a special errand or mission for the employer, he is entitled to the protection of the compensation law from the time he leaves home until his return thereto. When an employee is on a special errand or mission for his employer and receives injury, or, death results from an accident, such arises out of and in the course of his employment within the meaning of the Compensation Act. 259 S.C. 463, 192 S.E.2d 866 at 870 (1972), 271 S.C. 299, 247 S.E.2d 321 at 323 (1978).

Under either definition, we are unable to find that the evidence preponderates against the chancellor's finding that the accident did not occur in the course of employment. Neither the time and trouble of making the journey from the night-club to the employee's home nor the special inconvenience, hazard or urgency of making it, in the particular circumstances, was sufficiently substantial to be viewed as an integral part of the service itself. Moreover, there was no emergency call to perform service at a time other than regular working hours and the employee was not on a special errand or mission for the employer. He was on his way home from work. While he did not regularly work on Saturday, it was not unusual for him to do so, especially during country music week, and there was no emergency call.

Accordingly, the judgment of the trial court is affirmed. Costs on appeal are taxed to the plaintiffs-appellants and their surety.

FRANK F. DROWOTA, Associate Justice, Supreme Court, JOHN K. BYERS, Senior Judge, CONCUR.