## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | |
|---|---|
| OLANDA CARTER, | ) |
| | ) |
| | ) |
| Plaintiff/Appellant, | ) Shelby Circuit No. 88570 T.D. |
| | ) |
| VS. | ) Appeal No. W1999-02233-COA-R3-CV |
| | ) |
| R. J. REYNOLDS TOBACCO CO., | ) |
| | ) |
| | ) |
| Defendant/Appellee. | ) |

**FILED**

January 11, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE D'ARMY BAILEY, JUDGE

**CURTIS D. JOHNSON, JR.**
Memphis, Tennessee
Attorney for Appellant

**ALBERT C. HARVEY**
**STEPHEN C. BARTON**
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL**
Memphis, Tennessee
**DALTON L. TOWNSEND**
**AMY V. HOLLARS**
**HODGES, DOUGHTY & CARSON**
Knoxville, Tennessee
**JAMES R. JOHNSON**
**GREGORY R. HANTHORN**
**JONES, DAY, REAVIS & POGUE**
Atlanta, Georgia   30308-3242
Attorneys for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

Olanda Carter appeals from the Circuit Court of Shelby County, which dismissed his product liability action finding that it was barred by the applicable ten-year statute of repose. For the reasons stated herein, we affirm the decision of the trial court.

**Facts and Procedural History**

_____

The basic facts of this case are not in dispute. Olanda Carter ("Plaintiff" or "Appellant") was born in 1932. In approximately 1946, at the age of fourteen, Mr. Carter began smoking CAMEL brand cigarettes, which were manufactured by the Defendant R.J. Reynolds Tobacco Company. His habit gradually increased until he eventually was smoking a pack and a half of cigarettes per day.[1]

By approximately 1977, Mr. Carter was suffering from various health ailments, including hypertension and emphysema. Around that time, Mr. Carter quit smoking. However, his physical condition continued to deteriorate, culminating with a diagnosis of lung cancer in November 1996, for which he underwent surgery to remove the infected lung.

On June 25, 1997, Mr. Carter filed the present action pursuant to T.C.A. § 29-28-101, _et seq.,_ asserting claims for negligence, strict liability, breach of express and implied warranties, negligent performance of a voluntary undertaking, fraud, misrepresentation, and conspiracy. By order of the trial court, this action was consolidated with four other tobacco lawsuits pending in Shelby County Circuit Court.

On February 19, 1998, Defendant R.J. Reynolds filed a motion and supporting memorandum seeking to have the case dismissed, arguing that all the claims were barred by the ten-year statute of repose applicable to product liability actions because such claims sought recovery for injuries allegedly caused by a product which was purchased more than ten years prior to the filing of the suit. See Tenn. Code Ann. § 29-28-103(a). On

---

[1] At all relevant times, Mr. Carter consistently smoked only the CAMEL brand of cigarettes.

November 13, 1998, the trial court entered an order granting Reynold's motion, severing the action from the remaining consolidated tobacco suits and declaring that the court's judgment as to all claims asserted by Olanda Carter was final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

Plaintiff has appealed the trial court's dismissal asserting several issues for this court's consideration. However, all of the issues center on the question of whether the ten-year product liability statute of repose, T.C.A. § 29-28-103(a), serves to preclude the present suit.

## Law and Analysis

A statute of repose imposes a different constraint on a party than does a statute of limitations. The latter has been described as affecting only a party's remedy for a cause of action, while the running of a statute of repose has been said to nullify both the remedy and the right. Cronin v. Howe, 906 S.W.2d 910 (Tenn. 1995); Bruce v. Hamilton, 894 S.W.2d 274, 276 (Tenn. Ct. App. 1993) . The critical distinction in classifying a statute as one of repose or one of limitations is the event or occurrence designated as the "triggering event," *i.e.*, the event that starts the "clock" running on the time allowed for the filing of suit. Wyatt v. A-Best Products Co., 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995). In a traditional statute of limitations, the triggering event is typically the accrual of the action, *i.e.*, when all the elements of the action, including injury or damages, have coalesced, resulting in a legally cognizable claim. Id. A statute of repose, on the other hand, typically describes the triggering event as something other than accrual.

Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff even becomes aware of his or her injury. Id. (citing Cronin, 906 S.W.2d at 913; Bruce, 894 S.W.2d at 276 ("A statute of repose is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even

3

before the injury has occurred if the injury occurs subsequent to the prescribed time period.")). As such, a statute of repose may preclude the substantive right of a party even to bring suit. See Wyatt, 924 S.W.2d at 102.

The "Tennessee Products Liability Act of 1978," T.C.A. § 29-28-101, *et seq.,* applies to all actions seeking to recover for personal injuries, death, or property damage caused by defective or unreasonably dangerous products. See Tenn. Code Ann. § 29-28-102(5) and (6). The Act contains its own statute of repose:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code Ann. § 29-28-103(a)(emphasis added).

It is undisputed that Mr. Carter has not purchased cigarettes for use or consumption since sometime between 1976 and 1978. Therefore, even though his lung cancer was not discovered until 1996, the question is whether the present suit can be maintained in the face of the ten-year limitation on such actions imposed by T.C.A. § 29-28-103(a). While recognizing the limitation contained in T.C.A. § 29-28-103(a), Mr. Carter advances several arguments in support of the proposition that the ten-year statute of repose should not preclude his ability to bring suit. First, he contends that the defendant's acts of fraudulent concealment tolled the running of the statute.[2] Second, he asserts that he had a vested right in the common-law discovery rule, which was the law in Tennessee at the time he quit smoking. Third, he argues that the Tennessee Legislature did not intend that the products liability statute of repose be applied retroactively. Finally, he asserts that the Equal Protection Clause of the United States Constitution and Article XI, Section 8 of the

---

[2] Mr. Carter alleges that the defendant had knowledge of the addictive nature of nicotine and the negative health risks associated with smoking and kept this information from the public, thereby concealing Mr. Carter's cause of action.

4

Tennessee Constitution require that the asbestos exception to the statute of repose be applied to cigarette injuries. We will consider each argument in turn.

I.

Appellant first argues that the statute of repose should be tolled in the present case due to the defendant's fraudulent concealment of the harmful and addictive nature of tobacco. However, the Appellant concedes that no court of this state has ever held that fraudulent concealment will toll the running of the limitation period.

The Court of Appeals for the Middle Section, in Damron v. Media General, Inc., recently addressed the question which we now confront. 1999 WL 1005476 (Tenn. Ct. App., M.S., May 25, 1999). The Damron court noted that other statues of repose, including those for medical malpractice, T.C.A. § 29-26-116(a)(3), the defective design or construction of improvements to real estate, T.C.A. § 28-3-202, and for faulty survey, T.C.A. § 28-3-114(a), include a tolling feature triggered by fraudulent concealment. Id. at 4. In holding that such an exception is not applicable to the products liability statute of repose, the court found it persuasive that the statute itself did not include the exception, and the omission appeared to be a deliberate act by the Legislature.[3] Id. at 5. Assuming, as we believe we must, that the legislature intentionally omitted a tolling feature for fraudulent concealment, we concur with the Damron court that it is not our place to insert such an exception. The Damron decision presents a thorough analysis of the present issue. Although we are not bound by that decision, we find the Middle Section's reasoning to be sound, and agree that fraudulent concealment does not toll the ten-year statute of repose applicable to product liability actions. None of the authorities to which the appellant cites necessitates our concluding otherwise.

---

[3] This argument is strengthened by the recognition that the statute of repose has twice been amended to create exceptions for certain types of actions. Asbestos actions were excepted by a 1979 amendment, and actions arising from the use of silicon breast implants were excepted in 1993. These amendments lead us to believe that had the Tennessee Legislature intended there to be an exception for fraudulent concealment, such language would, at some time, have been inserted.

II.

Appellant also argues that he has a vested right in the application of the common-law "discovery rule" for determining whether his action was timely filed. This argument is based on the fact that the Products Liability Act, with the applicable statute of repose, was enacted in 1978. Appellant argues that this Act altered the common law, which had used the discovery rule for determining when a cause of action accrues. According to the appellant, since the discovery rule was the law of this state at the time he quit smoking, it should determine the timeliness of his claim. Under this line of reasoning, his cause of action did not accrue until he discovered that he had lung cancer in 1996 and was, therefore, timely filed in 1997.

Article I, Section 20 of the Tennessee Constitution states that "no retrospective law, or law impairing the obligations of contracts, shall be made." The Tennessee Supreme Court has defined "retrospective laws" as: "those which take away or impair <u>vested rights</u> acquired under existing laws or create a new obligation, impose a new duty, or attach a new disability in respect of transactions or considerations already passed." <u>Morris v. Gross</u>, 572 S.W.2d 902, 907 (Tenn. 1978)(emphasis added). A remedial right, however, cannot be considered vested unless it is something more than an expectation based upon the anticipated continuation of the present law. <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 269, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994).

The fundamental flaw in the appellant's argument is the fact that the prohibition against retrospective laws only applies to actions which had accrued or been filed at the time the new law went into effect. <u>See</u> <u>Bowman v. A-Best Co., Inc.</u>, 960 S.W.2d 594 (Tenn. Ct. App. 1997)(rejecting a "vested rights" argument where the statute of repose had the effect of barring the right and remedy <u>before</u> they accrued); <u>State</u> <u>ex rel.</u> <u>McAllister v. Goode</u>, 968 S.W.2d 834 (Tenn. Ct. App. 1997)(holding that a mere expectation of a right under prior law does not invoke the prohibition against retrospective laws). In other words, a right becomes vested when the action has accrued or been filed, and, at that point, no future law may take away that right.

6

Appellant cites the case of Hanover v. Ruch, 809 S.W.2d 893 (Tenn. 1991), for the proposition that where a statute alters the common law and resulted in deprivation of a valuable common-law right, such a statute cannot constitutionally be applied retroactively. The veracity of that proposition notwithstanding, the statement does not support Mr. Carter's position in the present case. The Hanover decision more correctly stands for the proposition that the Legislature may not enact a law that takes away rights which have already been exercised, such as through the filing of an action. See Hanover, 809 S.W.2d at 896("a statute which expressly applied to previously-accrued common-law causes of action and purported to deprive the Court of its power to modify the common law, would be unconstitutional").

In the present case, the right which Mr. Carter claims is no more than an expectation based upon the anticipated continuation of the common-law discovery rule. Since his action was not filed prior to the effective date of the statute, July 1, 1978, his expectation does not rise the level of a vested right. The viability of the complaint filed in 1997 is, therefore, properly determined under the ten-year statute of repose contained in the Products Liability Act of 1978, as opposed to the common-law discovery rule.[4]

III.

Finally, the appellant argues that the asbestos exception contained in T.C.A. § 29-28-103(b) should be applied to cigarette related injuries. He contends that the Equal Protection Clause of the Fourteenth Amendment and Article XI, Section 8 of the Tennessee Constitution require that similarly situated individuals be treated alike, and there is no rational basis for distinguishing between injuries caused by tobacco products and those suffered due to asbestos exposure.

The Fourteenth Amendment requirement that all persons similarly situated be treated alike is not necessarily triggered by the presence of minute similarities. See Plyler

---

[4] We believe that this analysis is equally applicable to the appellant's argument that the statute of repose contained in the Products Liability Act of 1978 should not be applied retroactively. Since his action was filed after the effective date of the statute, the application is not retroactive. A retroactive application would only occur where the statute purports to preclude a previously filed action.

7

v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982)("the constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."). The Constitution does not require that "all evils of the same genus be eradicated or none at all." Railway Express Agency v. People of New York, 336 U.S. 106, 110, 69 S.Ct. 463, 466, 93 L.Ed. 564 (1955).

The appellant concedes that rational basis review is the applicable standard in the present case. Under rational basis review, if some reasonable basis can be found for the classification, or if any state of facts may reasonably be conceived to justify it, the classification will be upheld. Eye Clinic, P.C. v. Jackson-Madison County Gen. Hosp., 986 S.W.2d 565, 580 (Tenn. Ct. App. 1998)(citing Riggs v. Burson, 941 S.W.2d 44, 51 (Tenn. 1997). This is a "lenient" standard under which a defendant may satisfy its burden merely by demonstrating "any possible reason or justification for [the statute's] passage." Eye Clinic, P.C., 986 S.W.2d at 580 (citing Exxon Corp. v. Eagerton, 462 U.S. 176, 195, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983); Kelley v. 3-M Co., 639 S.W.2d 437, 439 (Tenn. 1982).

Under both the federal and state equal protection analyses, the rational basis standard gives the legislature significant latitude in drawing classifications.[5] A legislative classification does not violate equal protection when it distinguishes persons as being dissimilar upon some rational basis for the purpose of advancing the legitimate interests of society. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1138 (6th Cir. 1986). In equal protection challenges similar to the present case, various courts have upheld the asbestos exception to the product liability statute of repose, finding a rational basis for the classification. See Wyatt v. A-Best Products Co., 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995)(holding that the exception of asbestos-related claims from the Tennessee Products

---

[5] The courts of this state have consistently analyzed Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution under the same requirements imposed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. See, e.g., City of Tullahoma v. Bedford County, 938 S.W.2d 408, f. 2 at 411 (Tenn. 1997); Riggs v. Burson, 941 S.W.2d 44, 51 (Tenn. 1997); Tennessee Small School Sys. v. McWherter, 851 S.W.2d 139, 152 (Tenn. 1993); Estrin v. Moss, 430 S.W.2d 345 (1968); Sandford v. Pearson, 231 S.W.2d 336, 339 (1950); Motlow v. State, 145 S.W. 177, 187 (1912).

8

Liability Act's general statute of repose does not offend Article XI, Section 8 of the Tennessee Constitution); Spence v. Miles Lab., Inc., 810 F. Supp. 952 (E.D. Tenn. 1992)(upholding the asbestos exception in the face of an equal protection challenge based on the similarity between AIDS patients and asbestos victims); Kochins, 799 F.2d at 1138 (finding the exemption of asbestos-related injuries to satisfy rational basis review).

As the Wyatt court noted, perhaps the Legislature's purpose might have been better served by a general exemption for all latent injury claims. See Wyatt, 924 S.W.2d at 106. However, such is not the standard for our review of this issue. Accordingly, we find that the asbestos exception to the products liability statute of repose satisfies rational basis review and does not violate the equal protection guarantees found in either the Tennessee or United States Constitutions.

## Conclusion

For the forgoing reasons, we affirm the trial courts dismissal of the complaint based on the ten-year statute of repose applicable to product liability actions. Costs of this appeal are taxed to the appellant, Olanda Carter, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.