19706

Daisy Wood BEAM, Deceased, et al., Respondents, v. STATE WORK-MEN'S COMPENSATION FUND, Insurance Carrier for Cherokee County School District One, Appellant.

(200 S. E. (2d) 83)

328

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *G. W. Thomason, Asst. Atty. Gen.,* of Columbia, *for Appellant,* cite:

*Stuart H. Hall, Esq.,* of *Hall, Hall & Daniel,* Gaffney, *for Respondents,* cites:

October 24, 1973.

Moss, Chief Justice:

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962. It

involves a claim for compensation arising out of the death of Daisy Wood Beam, who left serviving her as next of kin a brother, George Wood, a respondent herein.

There is also involved a claim for compensation arising out of the death of Nancy Beam Youngblood, who left surviving her a son, David W. Youngblood, a respondent herein.

The respondents allege that Daisy Wood Beam and Nancy Beam Youngblood were employed as school teachers by Cherokee County School District One in Gaffney, South Carolina, and that, on March 25, 1971, they were en route from Gaffney to Columbia, South Carolina, to attend a meeting of the South Carolina Education Association to be held on the next day. A blinding snow storm began that afternoon and as the automobile in which they were riding proceeded south on Highway No. 121, in Newberry County, South Carolina, it was struck head-on by a tractor-trailer truck, resulting in the deaths of the two school teachers. It is asserted that their deaths resulted from an accident arising out of and in the course of their employment. The State Workmen's Compensation Fund, the insurance carrier for Cherokee County School District One, the appellant herein, denied this claim.

A hearing was held before a Single Commissioner on January 20, 1972. This Commissioner, on March 13, 1972, filed his decision holding that the deaths of the two school teachers did arise out of and in the course of their employment. Based upon this finding of fact, compensation for the deaths was awarded.

The appellant prosecuted an appeal to the Full Commission and by appropriate exceptions challenged the correctness of the findings of fact made by the Single Commissioner. The Commission unanimously affirmed the decision made by the Single Commissioner. Thereafter, an appeal was duly taken by the appellant to the Court of Common Pleas for Cherokee County and was heard by The Honorable George

T. Gregory, Jr., Presiding Judge, who issued his order affirming the decision of the Commission. Timely appeal to this Court followed.

The exceptions of the appellant raise the question of whether the deaths of Daisy Wood Beam and Nancy Beam Youngblood were the result of an accident which arose out of and in the course of their employment.

Death arises "in the course of employment" within the Workmen's Compensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while fulfilling those duties or engaged in something incidental thereto. An accident "arises out of the employment" when the employment is a contributing proximate cause. These conditions must concur before the Act can apply. *Sola v. Sunny Slope Farms,* 244 S. C. 6, 135 S. E. (2d) 321.

The only testimony presented on the issues here involved was that of the superintendent of Cherokee County School District One. It appears from his testimony that the two school teachers entered into a written contract of employment with the district and by the terms thereof obligated themselves to conform to the school policies of the district; that at the time the contracts were entered into, he pointed out that he expected the teachers to involve themselves professionally and to participate in all of the professional organizations, which included the activities of the South Carolina Education Association; that teachers of the district were expected to attend the meetings of the Association, one of the reasons being that the district paid considerably higher salaries than many other school districts; that he regarded these meetings as directly related to the profession of teaching; that on the days when the Association met, school was not held in order to promote the attendance of the teachers; that he more than encouraged the attendance of the teachers and it was more or less a condition of employment; that prior to the

year in question, the district furnished transportation to the meetings of the Association, but due to various schedules of the teachers they were permitted for the year in question to furnish their own transportation; that when he hired these two teachers he specifically mentioned that he expected them to attend the meetings of the Association, and from time to time in general faculty meetings it was announced that all teachers were expected to attend the meetings; that even though there is no law requiring a teacher to be a member of or attend the South Carolina Education Association meetings, it was an employment practice of his school district and its policy was to insist on compliance therewith; that he took a teacher's activities in such organizations into consideration when they were considered for hiring and promotion; that he regarded the meetings of the Association as directly related to the profession of teaching, and belonging to and attending the meetings of the Association was one of their professional responsibilities and that the workshops for teachers held at these meetings made them better teachers and was a service that could not be provided on a local basis.

The rule often recognized in workmen's compensation cases is that an employee, to be entitled to compensation, need not be in the actual performance of the duties for which he was expressly employed in order for his injury or death to be in the "course of employment" and thus compensable. It is sufficient if the employee is engaged in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment. *Kohlmayer v. Keller,* 24 Ohio St. (2d) 10, 53 Ohio Ops. (2d) 6, 263 N. E. (2d) 231.

Employment connection may be supplied by varying degrees of employer encouragement or direction. The clearest case of coverage is that of a teacher who is directed to attend a teacher's institute. It is also sufficient if attendance, although not compulsory, is definitely

urged or expected but not if it is merely encouraged. 1 Larson's Workmen's Compensation Law, Section 27.31(c). In support of the foregoing rule there is cited the case of *Bradley v. Frazier*, 17 A. D. (2d) 235, 233 N. Y. S. (2d) 894, aff. 14 N. Y. (2d) 552, 248 N. Y. S. (2d) 649, 198 N. E. (2d) 38, where a school teacher was involved in a collision en route to a teacher's meeting. Attendance at this meeting was not compulsory, but "expected", at the "request" of the superintendent. It was held that the collision occurred in the course of the teacher's employment and compensation was awarded.

The testimony of the school superintendent contains many factors which indicate that the attendance of these school teachers at the meeting of the South Carolina Education Association was consistent with their contracts of hire and was logically related to their employment. Such justifies the conclusion that their deaths arose out of and in the course of their employment. At the time of the injury to the two school teachers, which resulted in their deaths, they were not exercising a personal privilege wholly apart from their employment or their employer's interest, but were about the performance of an act, incidental to and recognized as of value by their superintendent in connection with their duties as high school teachers.

We conclude that Daisy Wood Beam and Nancy Beam Youngblood lost their lives while doing an act incidental to and reasonably within the course of their employment and duties. They were doing that which the superintendent definitely urged and expected them to do.

It follows, that the deaths of these two teachers were the result of an accident which arose out of and in the course of their employment.

The judgment below awarding compensation is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.