## 1738

Danny Joe WRIGHT, Respondent v. Danny Joe WRIGHT, and/or General Heating and Air Conditioning, Inc., Employer, and Danny Joe Wright, Self-insured and/or Pennsylvania National Mutual Casualty Insurance Company, Carrier, Of Whom General Heating and Air Conditioning, Inc., Employer, and Pennsylvania National Mutual Casualty Insurance Company, Carrier are Appellants. Appeal of GENERAL HEATING AND AIR CONDITIONING, INC., Employer, and Pennsylvania National Mutual Casualty Insurance Company, Carrier.

(411 S.E. (2d) 829)

Court of Appeals

---

*David M. Yokel* and *Scott M. Anderson, Mitchell, Bouton, Yokel & Edwards,* Greenville, *for appellants.*

*Marvin J. Short, Short, Miner & Hendricks,* Easley, *for respondent.*

Heard Oct. 15, 1991; Decided Dec. 9, 1991.

Reh. Den. Jan. 8, 1992.

LITTLEJOHN, Justice:

This is a workers' compensation case arising out of an automobile accident. The commissioner found Claimant's accident arose out of and in the course of employment and awarded benefits. The appellate commission and the circuit court affirmed. The Carrier appeals. We affirm in part, reverse in part, and remand.

### Facts

Danny Joe Wright is a self-employed heating and air conditioning contractor. His brother is among his employees. Wright uses his own truck for business and uses it to carry his tools. It is used primarily for work.

General Heating and Air Conditioning, Inc. contracted with Wright to install heating units in an apartment complex located in Charlotte, North Carolina. General Heating paid Wright $85 for each unit installed but did not compensate him for mileage and/or hotel expense. Initially both Wright and his employee brother, who lived at Easley, South Carolina, stayed in a hotel two or three nights a week while working in Charlotte but resorted to commuting from Charlotte to Easley each day in order to save money.

The parties stipulate that Wright is covered under the Workers' Compensation Law, having elected coverage under S.C. Code Ann. § 42-1-130 (Supp. 1990), which provides in part:

> Any sole proprietor or partner of a business whose employees are eligible for benefits under this title may elect to be included as employees [sic] under the worker's compensation coverage of the business. . . .

On March 15, 1988, while driving home to Easley from Charlotte and before dropping off his brother, Wright had an accident attempting to avoid an animal.

There are two issues on appeal: (1) whether this accident arose out of and in the course of Wright's employment and (2) whether the court erred in awarding him compensation for his mileage deduction on his Federal Income Tax Return.

### Arising Out Of And In The
### Course Of Employment

Generally, injuries sustained going to and coming from the place of work do not arise out of and in the course of employment. *Sola v. Sunny Slope Farms*, 244 S.C. 6, 135 S.E. (2d) 321 (1964). However, exceptions do apply. *Id.* Two are pertinent to this appeal.

> (1) Where, in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in wages; [and/or]
> (2) Where the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment.

*Id.*, 244 S.C. at 14, 135 S.E. (2d) at 326.

In order to receive compensation the employee need not perform a duty he was expressly hired to do. "It is sufficient if the employee is engaged in a pursuit or undertaking consistent with the contract of hire and which in some logical manner pertains to or is incidental to his employment." *Beam v. State Workmen's Compensation Fund*, 261 S.C. 327, 332, 200 S.E. (2d) 83, 86 (1973).

Wright was commuting in his truck which was used primarily for business, was commuting to maximize his profits, and was taking an employee home at the time of the accident. The fact that Wright was an employee of himself does not change his rights under the law. As an employer he has the right to direct how the work is to be performed, and since he is also the employee, he is under his own direction. Had his employee/brother brought this action, the entitlement to benefits would have been more apparent. Clearly the employee/brother under the direction of Wright to commute each day to

and from Charlotte would have been covered. Therefore, Wright as his own employee is afforded similar rights.

## Compensation For Mileage

The commission found Wright's income for compensation purposes was $14,060.00 per year. This sum included Wright's net income in 1987 of $8,366.00 and $5,694.00 derived from Wright's mileage deduction on his Federal Income Tax Return. We find the commissioner erred in including the mileage deduction as part of Wright's income.

Average weekly wage is defined as:
the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury.

S.C. Code Ann. § 42-1-40 (1976).

There are no South Carolina cases directly on the issue of expenses. Other jurisdictions have dealt with this issue. In *Baldwin v. Piedmont Woodyards,* 58 N.C. App. 602, 293 S.E. (2d) 814 (N.C. App. 1982) the Court found that expenses incurred in producing revenue should be deducted from that which the employee received from the employer. In that case the Court further found that depreciation on business equipment should be included as business expenses. *See* also, *Smith v. Tangipahoa Parish School Board,* 21 So. (2d) 77 (La. App. 1945) (mileage was deducted from average net earnings where the employee/bus driver supplied his own bus).

Mileage reimbursements are generally not included in wages. *See, Glinka v. W.C.A.B. (Sears Roebuck and Co.),* 75 Pa. Cmwlth. 504, 462 A. (2d) 909 (Pa. 1983) and *Sears Commercial Sales v. Davis,* 559 So. (2d) 237 (Fla. App. 1990). Also, *Dickerson, Inc. v. McCleary,* 498 So. (2d) 651, 652 (Fla. App. 1986) ("when an employee furnishes both services and equipment and the furnishing of equipment is a specified and substantial portion of the contract, the amount legally attributed to rental of the equipment should not be included in determining the employee's average weekly wage.").

Wright deducted business expenses on his Federal Income Tax Return, including hotels, meals, tools, classes, and insurance. He deducted mileage on the same form. We find that the

mileage deduction is no different from the other expenses of doing business; therefore, it should not be included as part of Wright's income for the purpose of worker's compensation.

Accordingly, we affirm the ruling that Wright is entitled to workers' compensation benefits and remand for a new determination of benefits to be paid.

Affirmed in part; reversed in part; and remanded.

SHAW and GOOLSBY, JJ., concur.