1955

Robert A. STOUGH, Deceased Employee, Elizabeth Irwin Stough, Respondent v. WESTINGHOUSE SAVANNAH RIVER COMPANY, Employer, and Employers Insurance of Wausau, Appellants.

(427 S.E. (2d) 716)

Court of Appeals

*Paul B. Rodgers, III,* of *Pope & Rodgers,* Columbia, *for appellants.*

*Isadore E. Lourie* and *Andrew N. Safran of Lourie, Curlee, Barrett, Ragsdale & Safran,* Columbia, *for respondent.*

Submitted Jan. 18, 1993; Decided Feb. 22, 1993.

Reh. Den. April 1, 1993.

BELL, Judge:

This is a workers' compensation case. Robert A. Stough was killed in an automobile accident while traveling from his job in North Augusta to his home in Columbia. Elizabeth Irwin

Stough, Stough's widow, filed a claim for death benefits under the Workers' Compensation Law. The single hearing commissioner denied the claim, ruling there was no business purpose for Stough's travel. The full commission reversed the hearing commissioner and awarded benefits to the widow. The circuit court affirmed the full commission. Westinghouse appeals. We affirm the circuit court's judgment.

Stough was employed as a professional engineer by Westinghouse. He worked in North Augusta but lived in Columbia, commuting to work every day in his personal car. Stough received no compensation for driving to and from work. At least once a week, he traveled from his home to Charlotte to meet with a Westinghouse subcontractor to transmit and review procurement orders and evaluate the status of various projects. Because Stough worked in Charlotte on such a regular basis, the subcontractor provided him an auxiliary office in Charlotte. Westinghouse paid Stough's roundtrip mileage expenses between his home in Columbia and Charlotte.

On the day of the accident, Stough attended a meeting in his North Augusta office relating, in part, to the work he was supervising at the subcontractor's office in Charlotte. When he left the office at the end of the workday, he took with him various documents he planned to deliver to the subcontractor's office the next day. Stough died in an automobile accident on his way home to Columbia.

Westinghouse argues Stough's accident is not compensable because it occurred on Stough's trip home.

Generally, injuries sustained going to and from work are not compensable, because they do not arise out of and in the course of employment. *See Wright v. Wright,* — S.C. —, 411 S.E. (2d) 829 (Ct. App. 1991), *cert. denied* (S.C. Sup. Ct. Apr. 7, 1992). However, the general rule does not apply if, among other things, the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment. *Id.* Moreover, an injury incurred during a trip which serves both a business and a personal purpose is within the scope of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey. *Corley v. South Carolina Tax Commission,* 237 S.C. 439, 117 S.E. (2d) 577 (1960). Stated an-

other way, if the work of the employee necessitates his travel, he is in the course of employment, even though he is serving at the same time some purpose of his own. *Id.* The service to the employer must be at least a concurrent cause of the trip, but not necessarily the sole cause. *Id.*[1]

Stough's work in Charlotte was one of his primary responsibilities at Westinghouse. He was scheduled to do his usual Westinghouse work in Charlotte the next day. At the time of the accident, he was carrying documents for delivery to Charlotte. Westinghouse would have had to arrange to send the documents via some other person or method had Stough not planned to take them. Further, there is evidence showing that Stough would have traveled the same route to Charlotte regardless of whether he planned to stop in Columbia. Interstate 20 from North Augusta to Columbia and Interstate 77 from Columbia to Charlotte is the best route from North Augusta to Charlotte. In short, Stough's work at Westinghouse necessitated his trip from North Augusta to Charlotte, and even if he decided not to go home that evening, he would have made the same trip to Charlotte to perform his duties on behalf of Westinghouse. Therefore, Stough's fatal accident arose out of and during the course of a trip made on behalf of the employer.

For these reasons, the judgment of the circuit court is affirmed.

Affirmed.

GARDNER and SHAW, JJ., concur.

---

[1] This case does not fall neatly within the so-called "going to and coming from rule," the "dual purpose doctrine," or the "special errand rule." The North Carolina Supreme Court has recognized, and we agree, that no exact formula can be laid down which will automatically solve every case. *Massey v. Board of Education,* 204 N.C. 193, 167 S.E. 695 (1933). Each of these constructs, however, is built on a common framework designed to compensate employees when their employment proximately causes their injuries. *See, e.g., Sola v. Sunny Slope Farms,* 244 S.C. 6, 135 S.E. (2d) 321 (1964) (accident arises out of employment when it arises because of employment, as when employment is a contributing proximate cause); *Sylvan v. Sylvan Brothers, Inc.,* 225 S.C. 429, 82 S.E. (2d) 794 (1954) (denying compensation because there was no causal connection between employment and injury); *Felton v. Hospital Guild of Thomasville, Inc.,* 57 N.C. App. 33, 291 S.E. (2d) 158, *aff'd,* 307 N.C. 121, 296 S.E. (2d) 297 (1982) (where employment requires travel, hazards of the route become hazards of the employment).