495 S.E.2d 447

**Eddie Arthur MEDLIN, Petitioner,**

**v.**

**UPSTATE PLASTER SERVICE and Travelers Insurance Company, Respondents.**

No. 24743.

Supreme Court of South Carolina.

Heard Dec. 2, 1997.

Decided Jan. 12, 1998.

Emmette J. Saleeby, Spartanburg, for petitioner.

Harold J. Willson, Jr., Haynsworth, Marion, McKay & Guerard, Greenville, for respondents.

TOAL, Justice:

In this workers' compensation action, Eddie Medlin has petitioned for a writ of certiorari, contesting the Court of Appeals' affirmance of the denial of compensation for an injury that occurred while Medlin was en route from a work site. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

In February 1994, Medlin was employed to install stucco sidings on buildings. His employer Upstate Plaster Service ("Employer") is solely owned by Keith Garris. Employer maintains an office and warehouse in Enoree, South Carolina, but nearly all of its work is done on job sites outside of Enoree.

Medlin testified that before he had started work with Employer, he had told Garris that he did not have a driver's license. Garris told Medlin that if he could make it to Employer's office, Employer would provide transportation from there. Either Medlin's co-worker Frankie Bailey ("Co-worker") or Garris himself would then drive Medlin to the work sites. Garris testified that employees were responsible for getting themselves to work; however, Medlin could not provide his own transportation, so "We had to furnish him a ride." Garris stated that one of the men would take Medlin to the job sites.

On March 25, 1994, Medlin was scheduled to work in Rutherfordton, North Carolina, which was an hour away from Employer's office. On that day, Co-worker was having trouble with his vehicle, so Garris lent him his personal truck so that Co-worker and Medlin could travel to Rutherfordton. While returning from Rutherfordton in the truck, Co-worker and Medlin were involved in an automobile accident. Medlin, who was riding as the passenger in the truck, was injured.

In May 1994, Medlin filed for workers' compensation for the injuries he sustained as a result of the automobile accident. Employer denied that Medlin had had an accident arising out of and in the course of his employment. The matter was heard by a single commissioner who concluded that Medlin did not sustain an injury arising out of and in the course of his employment with Employer. The full commission unanimous-

ly affirmed the single commissioner's findings of fact and law. This decision was affirmed by the circuit court. The matter was appealed again and heard by the Court of Appeals, which, in an unpublished opinion, affirmed the circuit court. *Medlin v. Upstate Plaster Serv.*, Op. No. 96–UP–293 (S.C.Ct.App. filed Sept. 12, 1996). Medlin has petitioned for a writ of certiorari, contesting the decision of the Court of Appeals.

## LAW/ANALYSIS

The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence. *Kearse v. State Health & Human Servs. Fin. Comm'n*, 318 S.C. 198, 456 S.E.2d 892 (1995). A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Grayson v. Carter Rhoad Furniture*, 317 S.C. 306, 454 S.E.2d 320 (1995). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Gibson v. Florence Country Club*, 282 S.C. 384, 318 S.E.2d 365 (1984).

As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment, and, therefore, an injury sustained by accident at such time does not arise out of and in the course of his employment. *McDaniel v. Bus Terminal Restaurant Management Corp.*, 271 S.C. 299, 247 S.E.2d 321 (1978). However, South Carolina has recognized a number of exceptions to this rule. Among these are:

(1) Where, in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in the wages;

(2) Where the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment;

(3) The way used is inherently dangerous and is either

(a) the exclusive way of ingress and egress to and from his work; or

(b) constructed and maintained by the employer; or

(4) That such injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer but in close proximity thereto is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work.

*Sola v. Sunny Slope Farms,* 244 S.C. 6, 135 S.E.2d 321 (1964). A fifth exception allows compensation where an employee sustains an injury while performing a special task, service, mission, or errand for his employer, even before or after customary working hours, or on a day on which he does not ordinarily work. *Bickley v. South Carolina Elec. & Gas Co.,* 259 S.C. 463, 192 S.E.2d 866 (1972).

▉ The first exception to the "going and coming rule" is relevant here: Where, in going to and returning from work, the means of transportation is provided by the employer. The Court of Appeals found that there was substantial evidence to support the findings of the commission that Garris's decision to supply transportation to Medlin was gratuitous and not out of any obligation to provide such transportation. We disagree.

The evidence is uncontradicted that Medlin needed transportation to work sites, and Employer had agreed to provide such transportation. Medlin testified that before starting work with Employer, he had informed Garris that he did not have a driver's license. Garris asked if Medlin could get to the office; Garris could then provide transportation from there. Garris's own testimony reveals that Employer had agreed to provide transportation. In response to the question, "But Mr. Medlin did not provide his own transportation, did he?," Garris responded: "No. We had to furnish him a ride. One of the men would take him . . . ." This admission by Garris clearly establishes that the provision of transportation to Medlin was not simply a gratuitous act by Garris, but was directly related to the work of Employer. As such, we find that Medlin clearly comes under the first exception to the "going and coming rule." *See Bailey v. Santee River Hardwood Co.,* 205 S.C. 433, 32 S.E.2d 365 (1944) (finding it easily inferable the employees were furnished transportation to work

by the company). Thus, the findings below must be set aside as they are unsupported by substantial evidence.

## CONCLUSION

Based on the foregoing, we **REVERSE** the holding of the Court of Appeals and **REMAND** the matter to the Workers' Compensation Commission for a determination of Medlin's compensation.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.