THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dexter Collins, Employee,       
Respondent,
 
 
 

v.

 
 
 
The Sintra Corporation, Employer, & Employee Benefits Insurance Corporation, 
 Carrier,        Appellants.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-389
Submitted June 9, 2003  Filed June 
 10, 2003

AFFIRMED

 
 
 
Steve Wukela, Jr., of Florence, for Respondent.
Lindsay K. Smith-Yancey, of Charleston, for Appellants.
 
 
 

 PER CURIAM:   Affirmed pursuant 
 to Rule 220(b)(2), SCACR, and the following authorities: As to all issues: Lark 
 v. Bi-Lo, Inc, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (holding the 
 South Carolina Administrative Procedures Act established the standard of review 
 for decisions by the full commission); S.C. Code Ann. § 1-23-380(A)(6) (Supp. 
 2002) (stating an appellate court may reverse or modify the full commissions 
 decision only if its findings or conclusions are clearly erroneous in view 
 of the reliable, probative, and substantial evidence on the whole record); 
 Stokes v. First Natl Bank, 306 S.C. 46, 50, 410 S.E.2d 248, 251 (1991) 
 ([S]ubstantial evidence is evidence which, considering the record as a whole, 
 would allow reasonable minds to reach the conclusion that the administrative 
 agency reached to justify its action.); Brunson v. Wal-Mart Stores, Inc., 
 344 S.C. 107, 110, 542 S.E.2d 732, 733 (Ct. App. 2001) (The reviewing court 
 may not substitute its judgment for that of the full commission as to the weight 
 of the evidence on questions of fact but rather must simply determine whether 
 the record contains sufficient evidence to support the full commissions findings.); 
 S.C. Code Ann. § 42-1-160 (Supp. 2002) (stating for an injury by accident to 
 be compensable, it must arise out of and in the course of employment); Rodney 
 v. Michelin Tire Corp., 320 S.C. 515, 518, 466 S.E.2d 357, 358 (1996) (The 
 phrase arising out of . . . refers to the origin of the cause of the accident.  
 An injury arises out of employment when there is . . . a causal relationship 
 between the conditions under which the work is to be performed and the resulting 
 injury. (alterations added; internal citation omitted) (quoting Owings 
 v. Anderson County Sheriffs Dept, 315 S.C. 297, 299, 433 S.E.2d 869, 871 
 (1993))); cf. Eadie v. H.A. Sack Co., 322 S.C. 164, 168-69, 470 
 S.E.2d 397, 400 (Ct. App. 1996) (recognizing the special errand exception 
 to the going and coming rule); Wright v. Wright, 306 S.C. 331, 333, 
 411 S.E.2d 829, 830 (Ct. App. 1991) (In order to receive compensation the employee 
 need not perform a duty he was expressly hired to do.  It is sufficient if 
 the employee is engaged in a pursuit or undertaking consistent with the contract 
 of hire and which in some logical manner pertains to or is incidental to his 
 employment. (quoting Beam v. State Workmens Compensation Fund, 261 
 S.C. 327, 332, 200 S.E.2d 83, 86 (1973))).
AFFIRMED.[1]
GOOLSBY and HOWARD, JJ., and BEATTY, Acting Judge, 
 concur.

 
 [1] 
 Because oral argument would not aid the Court in resolving any issue on appeal, 
 we decide this case without oral argument pursuant to Rule 215, SCACR.