THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Tracey Lee Whitworth, Appellant,
v.
Window World, Inc., and Insurance Corporation of New York,
Respondents.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2005-UP-471
Heard June 21, 2005  Filed July 26, 2005  

REVERSED AND REMANDED

 
 
 
Stephen B. Samuels, of Lexington, for Appellant.
Edward P. Martin, Jr., of Columbia, for Respondents.
 
 
 

HEARN, C.J.: Tracy Lee Whitworth was injured in an automobile accident while he was transporting a large piece of equipment to a jobsite.  He filed a claim for workers compensation, which the single commissioner and full commission denied.   The circuit court affirmed the commissions denial, and Whitworth appeals, arguing his injury fell within an exception to the going and coming rule.  We reverse and remand.
FACTS
Whitworth was employed as a window installer by Window World, Inc.  To complete some installations, Whitworth needed to install coil (an aluminum wrap) around the windows, which required the use of a large piece of equipment called a breaker.[1]  Whitworth transported the breaker to each jobsite because the coil could not be measured and fabricated at the shop.  
Window World paid Whitworth an extra ten dollars for each window he installed that required a metal break, but did not compensate him for travel time or expenses.  The company required installers to have their own trucks and prohibited installers from leaving breakers on the jobsite.  
Whitworth was scheduled to install windows at the home of Elaine McLauren on November 22, 2000, but he rescheduled the job to observe Thanksgiving Day with his brother.  Whitworth began work on November 25 and worked for two days but was unable to finish the job due to rain.  Whitworth planned to return to the McLauren home on November 27, and he needed a breaker to complete the installation.   Window Worlds breaker was not available for Whitworths use, but the owner of Window World made arrangements with Whitworths brother so that Whitworth could use his brothers breaker and trailer.  While transporting the breaker in the trailer to McLaurens home, Whitworth was injured in an automobile accident.  He reported the accident the same day. 
The owners of Window World, upon their return from vacation, fired Whitworth for failing to complete the McLauren job before November 27, when he was scheduled to begin another job.  Both the McLauren and the other scheduled jobs would have required Whitworth to bring the breaker to the jobsite.  Although he had been fired, Whitworth completed the McLauren job after his accident.[2]   Based on his injuries, Whitworth filed a workers compensation claim.
The single commissioner found that Whitworth failed to prove his accident fell within an exception to the going and coming rule.  Based on this finding, the single commissioner concluded that Whitworth did not sustain an injury in the course of his employment and was not entitled to receive workers compensation.  The full commission affirmed the order of the single commissioner, as did the circuit court.  This appeal followed.
STANDARD OF REVIEW
Generally, whether a causal connection exists between employment and an injury is a question of fact for the full commission.  Sharpe v. Case Produce, Inc., 336 S.C. 154, 159, 519 S.E.2d 102, 105 (1999) (citation omitted).  The [full commissions] decision must be affirmed if the factual findings are supported by substantial evidence in the record.  Id. at 160, 519 S.E.2d at 105.  On the other hand, an appellate court may reverse or modify a decision of the full commission if the decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Hargrove v. Titan Textile Co., 360 S.C. 276, 288-89, 599 S.E.2d 604, 610-11 (Ct. App. 2004).  Substantial evidence is that which, in viewing the record as a whole, would allow reasonable minds to reach the conclusion the full commission reached.  Gray v. Club Group, Ltd., 339 S.C. 173, 183, 528 S.E.2d 435, 440 (Ct. App. 2000) (citation omitted).
LAW/ANALYSIS 
Whitworth argues that his injuries were compensable because he was charged with a work-related duty when he was injured in the accident.  We agree.[3]  
Generally, an employee who is going to or coming from the place the work will be performed is not engaged in performing any service growing out of or incidental to employment, and, therefore, an injury sustained by accident at such a time does not arise out of and in the course of employment. Medlin v. Upstate Plaster Service, 329 S.C. 92, 95, 495 S.E.2d 447, 449 (1998) (citing McDaniel v. Bus Terminal Rest. Mgmt. Corp., 271 S.C. 299, 247 S.E.2d 321 (1978)). However, South Carolina has recognized a number of exceptions to this rule.  Among these are: . . . (2) Where the employee, on his way to or from his work, is still charged with some duty or task in connection with his employment . . . . Medlin, 329 S.C. at 95-96, 495 S.E.2d at 449 (citing Sola v. Sunny Slope Farms, 244 S.C. 6, 135 S.E.2d 321 (1964)).  The duty need not be one the employee was expressly hired to perform; rather, it should be consistent with the contract of hire and pertain or be incidental to employment.  Wright v. Wright, 306 S.C. 331, 333, 411 S.E.2d 829, 830 (Ct. App. 1991).  
This court has noted that no exact formula can be laid down which will automatically solve every case, but the doctrines and rules of workers compensation are built on a common framework designed to compensate employees when their employment proximately causes their injuries.  Stough v. Westinghouse Savannah River Co., 311 S.C. 129, 131 n.1, 427 S.E.2d 716, 717 n.1 (Ct. App. 1993) (citations omitted) (finding compensable injury even when the case did not fall neatly within the so-called going to and coming from rule, the dual purpose doctrine, or the special errand rule.).
In Wright, this court held a situation similar to Whitworths fell under exceptions to the going and coming rule. 306 S.C. at 333-34, 411 S.E.2d at 830.  Wright involved a self-employed contractor who used his own truck primarily for work and to carry his tools, who was paid per unit installed, and who was not compensated for mileage or hotel expenses.  Id. at 332, 411 S.E.2d at 829.  The contractor was injured in an accident while commuting from a Charlotte, North Carolina jobsite to his home in Easley, South Carolina.  Id. at 333, 411 S.E.2d at 830.  Relying on the duty and task exception to the going and coming rule,[4] we found the contractors injuries arose while in the course and scope of employment because he was commuting in his truck which was used primarily for business, was commuting to maximize his profits, and was taking an employee home at the time of the accident.  Id.
In this case, Whitworth was required to bring a borrowed breaker to the jobsite.  This requirement was a duty or task precipitated by the unavailability of Window Worlds breaker and the policy of Window World that disallowed leaving breakers at jobsites.  Similar to the contractor in Wright, Whitworth was using his truck for work, specifically to bring a special piece of equipment to the jobsite.[5]  
Because Whitworth was charged with a duty or task connected with his employment when he was injured, Whitworths situation falls within an exception to the general rule that injuries sustained while going to or coming from work do not arise in the course of a workers employment.  Therefore, Whitworths injuries are compensable, and we reverse the circuit courts ruling and remand the case to the full commission for determination of benefits.
REVERSED AND REMANDED.
WILLIAMS, J., and CURETON, A.J., concur.

[1] A breaker is approximately ten feet long and weighs about three hundred pounds. 
[2] Because of his injuries, Whitworth needed his nephews assistance to complete the job.  
[3] Because we agree that Whitworths injury falls under the duty or task exception to the going and coming rule, we decline to address his other arguments.  
[4]  Our court also ruled in favor of compensation based on the first exception to the going and coming rule, which states: Where, in going to and returning from work, the means of transportation is provided by the employer, or the time that is consumed is paid for or included in the wages. Medlin, 329 S.C. at 95-96, 495 S.E.2d at 449 (citing Sola v. Sunny Slope Farms, 244 S.C. 6, 135 S.E.2d 321 (1964)).
[5] We note that Whitworths duty to transport the breaker to the jobsite is easily distinguished from the situation in Gallman v. Springs Mills, 201 S.C. 257, 22 S.E.2d 715 (1942), where our supreme court found an employee, who was injured while carrying tools on his walk to work, was not still charged with some duty or task.  Unlike the handheld tools being transported in Gallman, Whitworth was transporting a large piece of specialized equipment that was absolutely necessary to complete the window installation.  Moreover, it was the arrangements made by Whitworths boss that allowed Whitworth to borrow the breaker and trailer.