Tracy Lee WHITWORTH, Respondent,

v.

WINDOW WORLD, INC., and Insurance Corporation of New York, Petitioners.

No. 26474.

Supreme Court of South Carolina.

Heard March 6, 2008.
Decided April 28, 2008.
Rehearing Denied June 11, 2008.

Edwin P. Martin, Jr., of Hedrick Eatman Gardner & Kinchloe, of Columbia, for Petitioners.

Stephen B. Samuels, of McWhirter, Bellinger & Associates, of Columbia, for Respondent.

Chief Justice TOAL.

In *Whitworth v. Window World, Inc.*, Op. No.2005–UP–471 (S.C. Ct.App. filed July 26, 2005), the court of appeals reversed the order of the Workers' Compensation Commission's denying benefits and held that Respondent's accident fell within an exception to the going and coming rule. We granted certiorari to review that decision and now reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent Tracy Lee Whitworth was employed by Petitioner Window World, Inc. ("Window World") as a window installer and assigned to a job at a residence. Respondent installed three windows on Saturday, seven windows on Sunday, and planned to finish the job on Monday. The last step to install a window requires installing coil around the window, which involves using a "breaker" to cut the coil. A breaker is a large piece of equipment that must be transported to each jobsite. Because Window World's breaker was unavailable,[1] Respondent used his brother's breaker which was stored in Respondent's garage. Respondent testified that at approximately 7:40 a.m., he loaded the breaker onto his trailer which was attached to his truck and proceeded to the jobsite. After stopping to get a drink on the way to the jobsite, Respondent was involved in an automobile accident.

The single commissioner denied Respondent benefits, finding that the accident occurred on the way to work and that Respondent failed to show the accident fell within an exception to the "going and coming rule" which prohibits employees from recovering from injuries that occur while going to or coming from work. The full commission and the circuit court affirmed. The court of appeals reversed and held that the injuries fell within the "duty or task exception" to the rule because Respondent was charged with the task of transporting the breaker to the jobsite when he was injured.

---

1. The parties dispute the reason the breaker was unavailable. Respondent claims that Window World would not let him use their breaker as punishment for misconduct while Window World contends that another crew was using the breaker.

This Court granted certiorari and Window World [2] presents the following issue for review:

Did the court of appeals err in holding that Respondent's injuries fell within an exception to the going and coming rule?

### STANDARD OF REVIEW

■■■ This Court must affirm the findings of fact made by the full commission if they are supported by substantial evidence. *See* S.C.Code Ann. § 1–23–380(A)(5) (2006); *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981). Substantial evidence is not a mere scintilla of evidence but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Tiller v. Natl. Health Care Ctr.*, 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999). This Court may reverse a decision of the full commission that is affected by an error of law. *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).

### LAW/ANALYSIS

■■■ Window World first argues that substantial evidence in the record supports the full commissions finding that Respondent was not charged with a duty or task in connection with his employment at the time of his accident, and therefore, the court of appeals exceeded its scope of review in reversing this finding. We disagree.

The relevant facts in this case were not disputed, and thus, whether Respondent's injuries are compensable is a question of law. *See Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 872 (2007) (holding that where there are no disputed facts, the question of whether an accident is compensable is a question of law). For this reason, regardless of whether the court of appeals reached the correct conclusion, the court did not exceed its scope of review. *See* S.C.Code Ann. § 1–23–380(A)(5)(d) (2006) (an appellate court may reverse the full commission's decision if affected by an error of law).

---

2. We refer to Petitioners collectively as "Window World."

■ Next, Window World argues that the court of appeals erred in reversing the full commission's denial of benefits because Respondent's accident does not fall within an exception to the going and coming rule. We agree.

■■ Under the going and coming rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment. Therefore, an injury sustained by accident at such time is not compensable under the Workers Compensation Act because it does not arise out of and in the course of his employment. *Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 95, 495 S.E.2d 447, 449 (1998). This Court has recognized five exceptions to this rule, one of which is the duty or task exception. Under this exception, an employee will not be precluded from receiving benefits where the employee, on his way to or from his work, is charged with some duty or task in connection with his employment. *Id.*

Under the facts of this case, Respondent failed to show he was charged with a work-related duty or task as set forth in the exception to the going and coming rule. The primary purpose of Respondent's trip served a personal objective, namely for Respondent to travel to the place where his work was to be performed. Respondent had no work-related duties to perform on the way to work, was not under the control of Window World, and was free to conduct personal business on the way to the jobsite even with the breaker in tow, as evidenced by his personal deviation. The mere transportation of the breaker—a tool of the trade, not owned by Window World, and stored in Respondent's garage—while going to work does not necessarily transform the event into a work-related duty or task. *See Larson's Workers' Compensation Law* § 16.09[4][a] (2007) (noting that "[t]he mere fact that [a] claimant is, while going to work, also carrying some of the paraphernalia of the employment does not, in itself, convert the trip into a part of the employment"). Accordingly, we hold that under the facts of this case, the going and coming rule precludes compensation.

The court of appeals relied heavily on *Wright v. Wright*, 306 S.C. 331, 411 S.E.2d 829 (Ct.App.1991) in reaching their decision. In our view, however, *Wright* is distinguishable. In

*Wright,* the claimant, a self-employed contractor, was injured in an automobile accident while traveling from a jobsite in Charlotte to his home in Easley and while taking an employee home. The claimants accident clearly fell within two exceptions to the going and coming rule since the claimant was driving a company truck and was charged with the specific work-related task of taking the employee home.[3] *Id.* at 333–34, 411 S.E.2d at 830. In the instant case, Respondent was driving his own truck, towing his own tools, and had no work-related tasks to perform on his way to the jobsite.

In the event that we were to find the exceptions to the going and coming rule inapplicable, Respondent urges this Court to adopt the required vehicle rule. Under this rule, if the employer requires an employee, as part of the employee's job, to bring his own car for use during the workday, the trip to and from work falls within the course of employment.[4] *See* 99 C.J.S.. *Workers' Compensation* § 442. This rule effectively operates as an additional exception to the going and coming rule.

We decline to adopt or apply the required vehicle rule based on the record presented in this case. Respondent failed to raise this issue to either the single commissioner or to the full commission. Furthermore, although the record indicates Window World required their employees to have their own trucks, the record is not clear on the strictness of this requirement or the extent of traveling Window World demanded from their employees. Thus, we decline to consider the adoption of the required vehicle rule based on the record before this Court.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the court of appeals and hold that Respondent was not charged

---

3. Although the self-employed claimant in *Wright* served in both employer and employee capacities, this fact did not change the analysis or the result.

4. We disagree with Respondent's claim that the court of appeals implicitly adopted this rule in *Wright.* To the contrary, South Carolina has not yet recognized the required vehicle rule.

with a work-related duty or task, and therefore, his injuries are not compensable pursuant to the going and coming rule.

MOORE, WALLER, JJ., and Acting Justices E.C. BURNETT, III and APHRODITE K. KONDUROS, concur.