THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Ryan Adams
 (Deceased), Shawna Adams, Christine and Lee Adams, Claimants,
 of whom
 Christine and Lee Adams are, Appellants,
 and Shawna
 Adams is, Respondent,
 
 
 

v.

 
 
 
 South Carolina
 Lightning Protection, Inc., Employer, and Travelers Ins. Co., Carrier, Respondents.
 
 
 

Appeal from Workers' Compensation
 Commission

Memorandum Opinion No. 2012-MO-001
 Heard February 22, 2012  Filed March 7,
2012   

AFFIRMED

 
 
 
 William Harold Nixon, Jr, of Charleston,
 for Appellants.
 Katie L. Veatch, of Wilson, Jones, Carter
 & Baxley, of Mt. Pleasant, and William B. Jung,of Mt. Pleasant, for Respondents.

 
 

PER CURIAM: Christine and Lee Adams (Appellants)
 appeal the Workers' Compensation Commission's decision that Shawna Adams was Ryan
 Adams' surviving spouse.  The code defines a surviving spouse as "only the decedent's wife or husband living with or
 dependent for support upon the decedent at the time of the decedent's death or
 living apart from the decedent for justifiable cause or by reason of desertion
 by the decedent at such time." S.C. Code Ann. § 42-1-175 (1976).  On appeal, Appellants argue (1) there is
 not substantial evidence to support the Commission's finding that Shawna
 separated from Ryan because of an incident of domestic abuse, and (2) the commission
 erred as a matter of law in finding justifiable cause.  We affirm pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:

 1. Substantial Evidence: S.C.
 Code Ann. § 1-23-380(5)(e) (Supp. 2011) ("The
 court may not substitute its judgment for the judgment of the agency as to the
 weight of the evidence on questions of fact. . . .  The court may reverse or
 modify the decision if substantial rights of the appellant have been prejudiced
 because the administrative findings, inferences, conclusions, or decisions are
 . . . clearly erroneous in view of the reliable, probative, and substantial
 evidence on the whole record . . . ."); Whitworth v. Window World, Inc.,
 377 S.C. 637, 640, 661 S.E.2d 333, 335 (2008) ("Substantial evidence is
 not a mere scintilla of evidence but is evidence which, considering the record
 as a whole, would allow reasonable minds to reach the conclusion the agency
 reached."); Lark v.
 Bi-Lo, Inc., 276 S.C.
 130, 136, 276 S.E.2d 304, 307 (1981) ("While the 'substantial evidence'
 rule allows more appellate authority to the courts, we think the language of
 the statute clearly indicates that its application is only in those cases where
 a manifest or gross error of law has been committed by the administrative
 agency.").
 2.  Justifiable Cause as
 Matter of Law: Rogers v. Univ. Motor
 Inn, 405 S.E.2d 770, 773 (N.C. Ct.
 App. 1971) ("There is no specific formula for the definition of
 'justifiable cause' under the statute.  One must consider the complexity and
 history of the particular relationship in order to determine whether the
 appellant was separated for justifiable cause . . . ."); see also
 Theisen v. Theisen, 394 S.C. 434, 442, 716 S.E.2d 271, 275 (2011) (holding
 a spouse does not need grounds that would merit a fault-based divorce in order
 to live separate and apart from the other spouse); 99 C.J.S. Workers'
 Compensation § 263 ("The words 'justifiable cause,' as employed in the
 workers' compensation acts, have the meaning given to them in separation and
 divorce cases, basically requiring a showing of matrimonial misconduct . . .
 .").

AFFIRMED.
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.