**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clayton Keith Soules, Jr., Claimant, Respondent,

v.

City of Spartanburg, Employer, and South Carolina Municipal Self Insurance Trust Fund, Carrier, Appellants.

Appellate Case No. 2012-209047

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2013-UP-184
Heard February 14, 2013 – Filed May 8, 2013

**AFFIRMED**

William E. Shaughnessy and Stephanie Lamb Pugh, both of Greenville, for Appellants.

John David Hawkins and Charles Logan Rollins, II, both of Spartanburg, for Respondent.

**PER CURIAM:** In this workers' compensation case, the City of Spartanburg and the South Carolina Municipal Self Insurance Trust Fund argue the South Carolina Workers' Compensation Commission erred in upholding a determination by the

single commissioner that Respondent Clayton Keith Soules, Jr., suffered a compensable injury that was not barred by the "going and coming rule."  We find no error of law in the Commission's decision that Soules was entitled to workers' compensation benefits and we find the decision to be supported by substantial evidence of record; therefore, we affirm pursuant to Rule 220(b)(1), SCACR, and following authorities: S.C. Code Ann. § 1-23-380(5)(d), (e) (Supp. 2012) (providing this court may not substitute its judgment for that of the Commission as to the weight of the evidence, but may reverse where the decision is affected by an error of law or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Whitworth v. Window World, Inc.*, 377 S.C. 637, 641, 661 S.E.2d 333, 336 (2008) (discussing the "duty or task exception" to the "going and coming rule" and noting that under this exception "an employee will not be precluded from receiving benefits where the employee, on his way to or from his work, is charged with some duty or task in connection with his employment"); *Medlin v. Upstate Plaster Serv.*, 329 S.C. 92, 95, 495 S.E.2d 447, 449 (1998) (holding that notwithstanding the general rule that an injury that occurs when "an employee [is] going to or coming from the place where his work is to be performed" is not compensable, an employee is eligible for benefits "[w]here, in going to and returning from work . . . the time that is consumed is paid for or included in the wages").  As to Soules's argument that this appeal should be dismissed as fatally defective because the notice of appeal did not comply with section 42-17-60 of the South Carolina Code (1985), we hold the notice was sufficient under the South Carolina Appellate Court Rules and the South Carolina Administrative Procedures Act (APA) in order for the appeal to proceed.  *See* S.C. Code Ann. § 1-23-380(1) (Supp. 2012) ("Proceedings for review are instituted by serving and filing notice of appeal as provided in the South Carolina Appellate Court Rules . . . ."); Rule 203(e)(2), SCACR (listing the information that must be included in the notice of appeal of an administrative tribunal's decision); *Bone v. U.S. Food Serv.*, 399 S.C. 566, 570, 733 S.E.2d 200, 202 (2012) (noting "our long-standing rule that the APA governs the review of administrative agency matters and is controlling over any provisions that conflict with its terms").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**