**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brenda Oswald, Employee, Appellant,

v.

Oswald Law Firm, Employer, and NorGuard Insurance Company, Carrier, Respondents.

Appellate Case No. 2014-001197

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2015-UP-526
Submitted October 1, 2015 – Filed November 18, 2015

———————

**AFFIRMED**

———————

H. Wayne Floyd, of Wayne Floyd Law Office, and Frank Anthony Barton, both of West Columbia, for Appellant.

Peter P. Leventis, IV, of McKay Cauthen Settana & Stubley, PA, of Columbia, for Respondents.

———————

**PER CURIAM:** Brenda Oswald appeals an order by the Appellate Panel of the Workers' Compensation Commission finding the going and coming rule barred her recovery under the Workers' Compensation Act. Oswald argues her travel to her employer's accountant and bank, as well as her phone call to her employer's insurer

during the travel, excepted her travel from the going and coming rule because she acted in furtherance of her employer's business. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State Accident Fund v. S.C. Second Injury Fund*, 409 S.C. 240, 244, 762 S.E.2d 19, 21 (2014) ("The South Carolina Administrative Procedures Act (the [SC]APA) sets forth the standard for judicial review of decisions by the [Workers' Compensation] Commission."); *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) ("Under [the SCAPA] standard, we can reverse or modify the decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *Langdale v. Carpets*, 395 S.C. 194, 203, 717 S.E.2d 80, 84 (Ct. App. 2011) ("In a workers' compensation case, the Appellate Panel is the ultimate fact finder. The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel . . . ." (citation omitted)); *Whitworth v. Window World, Inc.*, 377 S.C. 637, 641, 661 S.E.2d 333, 336 (2008) ("[A]n employee going to or coming from [work] . . . is not engaged in performing any service growing out of and incidental to his employment.").[1]

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] Any argument Oswald asserts regarding a work-related phone call during her travel is unpreserved because she failed to argue the issue to the Appellate Panel. *See Stone v. Roadway Express*, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006) ("Only issues raised and ruled upon by the [Workers' Compensation C]ommission are cognizable on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.